PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KRISTY GOUDY, | ) | |
| | ) | CASE NO.  5:20CV2721 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| TUSCARAWAS COUNTY, OHIO, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 14 and 15] |

Pending is Plaintiff Kristy Goudy's Motion to Lift Stay of Proceedings and Temporarily
Reinstate Case to Active Docket (ECF No. 14).  For the reasons set forth in Section II below, the
motion is granted.

Also pending is Plaintiff's Motion for Leave to Amend Complaint to Add Necessary
Parties Defendant *Instanter* (ECF No. 15).  Plaintiff attached the Proposed First Amended
Complaint (ECF No. 15-1) to the motion.  For the reasons set forth in Section III below, the
motion is denied.

### I.  Background

### A.

The Tuscarawas County Public Defenders Office ("TCPD") hired Plaintiff as a full-time
secretary on August 19, 1996.  In 2017 and 2018, TCPD alleged that Plaintiff engaged in
multiple acts of misconduct in violation of the Tuscarawas County personnel policy manual.

(5:20CV2721)

Tuscarawas County Human Resources began an investigation and placed Goudy on paid administrative leave.

A pre-disciplinary hearing was held on July 27, 2018.  The Hearing Officer issued a report determining Plaintiff had violated various standards of conduct.  On August 31, 2018, the TCPD issued an Order of Removal, which was rescinded and reissued.  On November 7, 2018, the TCPD issued another Order of Removal terminating Goudy's employment.  The Order of Removal stated that Plaintiff engaged in insubordination, discourteous treatment of the public, dishonesty, violations of rules and other failure of good behavior.

Plaintiff appealed her removal to the State Personnel Board of Review ("SPBR").  The administrative hearing was held before an Administrative Law Judge ("ALJ") on April 2 and 3, 2019.  On May 14, 2019, the ALJ issued his Report and Recommendation.  The Report sustained three charges of misconduct based on Goudy slamming an office door; disregarding the policy for answering the telephone; and discourteous or disrespectful treatment of a coworker.  The ALJ, however, did not find that Plaintiff engaged in menacing, dishonesty, or insubordination.

Based on the ALJ's interpretation of the TCPD's Personnel Manual, he found Plaintiff committed three Group 1 offenses.  The Personnel Manual adopted a system of progressive discipline that considered the nature of the violation, the employee's record of discipline/corrective action, and the employee's record of performance and conduct.  Based on the Group 1 offenses, the progressive disciplinary system, and the failure of the TCPD to conduct a performance evaluation of Plaintiff during her 22 years of employment, the ALJ recommended that Goudy's removal be modified to a ten-day suspension.  The ten-day

2

(5:20CV2721)

suspension represented the maximum three-day suspension for each offense plus an extra day of suspension for committing multiple offenses in a short period of time.

Plaintiff and the TCPD filed with the SPBR written objections to the Report and Recommendation.  On August 28, 2019, a three-member panel of the SPBR held an oral hearing on the parties' objections.  On September 18, 2019, the SPBR overruled the parties' objections and adopted the Report and Recommendation that Plaintiff's removal be modified to a ten-day suspension.  Plaintiff was thereby entitled to a restatement to her employment.

In October 2019, TCPD filed a Notice of Appeal of the SPBR Order with the Tuscarawas County, Ohio Court of Common Pleas, being Case No. 2019 AA 10 0679.  On October 30, 2019 – almost a year after the TCPD issued the Order of Removal terminating Plaintiff's employment – Shane G. Trace, SPBR Program Administrator, filed a notice with the Clerk of Courts stating "[e]nclosed please find the complete record of the proceedings before the State Personnel Board of Review in the appeal of *Tuscarawas County Public Defender v. Kristy Goudy*.  This is to certify that the record consists of the enclosed proceedings, exhibits, miscellaneous documents, and transcript.  Documents are presented in reversed chronological order."

In January 2020, the TCPD filed a "Motion for Judgment in Favor of Appellant to Vacate the Order of the State Personnel Board of Review."  In the motion, TCPD stated it had requested copies from the SPBR of all the transcripts that the SPBR had filed with the trial court when it certified the record.  The SPBR provided TCPD with transcripts for April 2, 2019, the first day of the administrative hearing, and August 28, 2019, the hearing on the parties' objections.  The SPBR, however, did not file a transcript for the second day of the administrative hearing, held on

3

(5:20CV2721)

April 3, 2019.  The second day of the administrative hearing included the testimony of the last witness for the TCPD's case-in-chief, and the entirety of Plaintiff's case-in-chief, wherein Goudy and her witness testified.  The TCPD contacted the SPBR on January 29, 2020 regarding the missing April 3, 2019 transcript.  In response, the TCPD and the state trial court received an email message the next day from the assistant attorney general representing the SPBR, which stated:  "We today discovered that one day of the transcript was omitted from our earlier filing. We have contacted the court reporter and ordered the missing day, and will request that they put a rush on it.  We believe that the missing piece of the transcript can reasonably be filed on or before February 14th.  Of course, this necessitates altering the briefing schedule earlier set by the Court. Thanks for your attention and patience here.  We apologize for this inconvenience to all concerned."  The April 3, 2019 transcript was filed with the Clerk of Courts on February 6, 2020.  Trace averred that, in his capacity as the SPBR Program Administrator, he prepares, files, and certifies the administrative record developed by the SPBR to the Courts of Common Pleas. He stated that due to a "clerical error" by his office, "a third day of transcript before the SPBR was inadvertently omitted from the October 30, 2019 filing."

On September 16, 2020, the trial court issued its judgment entry affirming the Order of the SPBR that modified Plaintiff's removal to a ten-day suspension.  On October 21, 2020, the TCPD ordered Plaintiff to report to work at her former position of secretary at the TCPD and directed her to complete employment documents characterizing her as a "new employee."  The TCPD also appealed the decision of the state trial court to the Ohio Fifth District Court of Appeals.

4

(5:20CV2721)

On May 20, 2021, the state court of appeals reversed the decision of the trial court and rendered judgment in favor of the TCPD.  *Tuscarawas Cnty. Public Def. Office v. Goudy*, No. 2020 AP 10 0023, 2021 WL 2030118 (Ohio App. 5th Dist. May 20, 2021).  The Fifth District held the trial court erred when it did not find that the SPBR failed to timely certify a complete record of the administrative proceedings to the trial court.  *Id.* at *4, ¶ 28.  The state court of appeals found the SPBR failed to file the complete record in violation of Ohio Rev. Code § 119.12 and its failure to file the transcript went beyond a "mere omission." *Id.* at *7, ¶ 40.  It further found the failure to timely file the transcript prejudiced the TCPD.  *Id.* at *9, ¶ 49.  The Fifth District's decision reinstated Plaintiff's removal from her employment with the TCPD. Plaintiff appealed.  On September 14, 2021, the Supreme Court of Ohio accepted review of the case, which is currently pending.  *See Tuscarawas Cnty. Public Def. Office v. Goudy*, 164 Ohio St.3d 1431 (2021).  Oral argument was held on May 10, 2022.  *See Tuscarawas Cnty. Public Def. Office v. Goudy*, No. 2021-0831 (Ohio Filed July 1, 2021).

**B.**

In November 2020, Plaintiff filed the within employment civil rights action against Tuscarawas County, Ohio and Gerald Latanich[1] pursuant to 42 U.S.C. § 1983 in the Tuscarawas County, Ohio Court of Common Pleas, being Case No. 2020 CV 11 0628.[2]  On December 7,

---

[1]  Latanich holds the position of Director of the TCPD.

[2]  According to counsel for Tuscarawas County, Ohio and Latanich:
Prior to filing this civil suit, counsel for Plaintiff contacted undersigned counsel on or about September 15, 2020, to discuss how the parties might ensure access to a forum to resolve any future disputes over backpay calculations, mitigation of damages, and related issues.  The undersigned

(continued...)

5

(5:20CV2721)

2020, Defendants removed the above-entitled action to this Court on the basis of federal question

jurisdiction.  Goudy alleges that as a county employee in the classified civil service, she had a

property interest in her job, and related compensation and retirement benefits.  Plaintiff asserts

that during her discipline, August 2018 removal, November 2018 rescission of removal, and

returns to employment in November 2018 and November 9, 2020 respectively, she was stripped

of the rights guaranteed by Ohio law and the U.S. Constitution, including her right to

pre-deprivation or post-deprivation procedural due process.  She seeks monetary damages.

The parties subsequently consented to the jurisdiction of Magistrate Judge Kathleen B.

Burke pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.  Without objection from

Defendants, Plaintiff's Motion to Stay Proceedings (ECF No. 7) was previously granted on

January 29, 2021.  *See* Order (ECF No. 12).  So, the case at bar has been halted at the embryonic

stage.  In October 2021, the case was reassigned from Magistrate Judge Burke (retired) to the

undersigned pursuant to General Order 2021-15.

## II.  ECF No. 14

Plaintiff moves the Court to lift the stay of proceedings and reinstate the above-entitled

action to the Court's active docket so she can file and the Court can rule on a motion requesting

leave to amend the Complaint (ECF No. 1-2) to add additional claims against new parties

_____

[2](...continued)
counsel did not consent to the continuing jurisdiction of the Tuscarawas
County Common Pleas Court over those matters, and as a result,
Plaintiff's counsel indicated that it may be necessary to file a separate civil
suit in order to leave an "open door" to the court system.
ECF No. 17 at PageID #: 103.

(5:20CV2721)

defendant.  Defendants do not oppose Plaintiff's request.  Defendants believe, however, that it serves the interests of the parties and judicial economy to delay any discovery activities in the case at bar pending the outcome of the pending related proceedings in the state court.  *See* ECF No. 16 at PageID #: 98.

### III.  ECF No. 15

Plaintiff moves the Court for leave of Court to file an amended complaint that would add new claims for violation of her right to post-deprivation procedural due process and damages against new parties defendant, *i.e.*, the SPBR and its employee, Shane Trace.  Plaintiff alleges in the Proposed First Amended Complaint (ECF No. 15-1) that she was deprived of the ability to rectify her improper termination by Tuscarawas County, Ohio and Latanich due to the wrongful conduct of the SPBR and Trace, *i.e.*, failure to timely file the complete record of Plaintiff's hearing before the SPBR.  Should the Court grant ECF No. 15, Plaintiff would not object to this matter being re-stayed pending the resolution of consideration of Plaintiff's appeal by the Supreme Court of Ohio.  *See* ECF No.14 at PageID #: 80.

In the event that the Court grants ECF No. 15, Defendants ask the Court not to automatically "re-stay" the case at bar because Tuscarawas County, Ohio and Latanich intend to file a responsive pleading and/or a dispositive motion regarding the claims asserted against them in the proposed First Amended Complaint (ECF No. 15-1) arguing that Plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6).  *See* ECF No. 16 at PageID #: 98.

7

(5:20CV2721)

Fed. R. Civ. P. 15(a)(2) mandates that leave to amend shall be freely given "when justice

so requires." As stated by the U.S. Supreme Court:

> In the absence of any apparent or declared reason—such as undue delay, bad faith
> or dilatory motive on the part of the movant, repeated failure to cure deficiencies
> by amendments previously allowed, undue prejudice to the opposing party by
> virtue of allowance of the amendment, futility of amendment, etc,—the leave
> sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Brown v. Chapman*, 814 F.3d 436, 442-43

(6th Cir. 2016). Under Rule 15(a), the court has discretion in allowing amendments. *Robinson*

*v. Mich. Consol. Gas Co.*, 918 F.2d 579, 591 (6th Cir. 1990) ("Decisions as to when justice

requires amendment are left to the sound discretion of the trial judge."). In addition, the Court

has broad discretion in allowing or disallowing the joinder of parties, and the purpose of Fed. R.

Civ. P. 20(a)(2) is to foster judicial economy and trial convenience. *Amtote Int'l Inc. v. Ky.*

*Downs, LLC*, No. 1:15-CV-0047-GNS, 2017 WL 1829782, at *1 (W.D. Ky. May 5, 2017)

(citation omitted).

The same operative facts are not involved in both the original claims (against Tuscarawas

County, Ohio and Latanich) and the new claims (against new parties defendant the SPBR and

Trace). Moreover, while Plaintiff moves the Court for leave to add necessary parties defendant,

she does not articulate why their joinder is "necessary" within the meaning of the Federal Rules

of Civil Procedure. The claims do not arise "out of the same transaction, occurrence, or series of

transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A) (governs when multiple defendants

may be joined in one action). Rather, they arise from different nuclei of operative fact. Finally,

undue prejudice would result to Defendants from bootstrapping Plaintiff's new claims against

(5:20CV2721)

the SPBR and Trace into the case at bar.  There is a clear demarcation between the original

Complaint (ECF No. 1-2) against Tuscarawas County, Ohio and Latanich and the Proposed First

Amended Complaint (ECF No. 15-1) that adds claims against the SPBR and Trace as new

parties defendant.  ECF No. 1-2 targets events alleged to have occurred on or before November

7, 2018, while ECF No. 15-1 targets new events alleged to have subsequently occurred almost a

year after the TCPD issued the Order of Removal terminating Plaintiff's employment and

thereafter.  Different witnesses and documentary proof would be required for Plaintiff's claims

against the SPBR and Trace.  *See Hetep v. Warren*, 27 Fed.Appx. 308, 309 (6th Cir. 2001)

(finding no abuse of discretion when district court denied two motions to amend seeking to

allege new claims unrelated to his original claim against new defendants).  The Court notes

Plaintiff will not be prejudiced by a denial of ECF No. 15 as she can file another complaint for

allegations against additional new defendants and/or regarding additional new claims she may

have.  *Harris v. Erdos*, No. 1:20-cv-769, 2022 WL 787851, at *8 (S.D. Ohio March 15, 2022).

Plaintiff even acknowledges she could initiate the claims against the SPBR and Trace in a

separate lawsuit, should she choose to pursue them now or after the resolution of her appeal to

the Supreme Court of Ohio.  *See* ECF No. 15 at PageID #: 84.

### IV.  Conclusion

Plaintiff's Motion to Lift Stay of Proceedings and Temporarily Reinstate Case to Active

Docket (ECF No. 14) is granted.  The above-entitled action is reinstated to the Court's active

docket.

9

(5:20CV2721)

Plaintiff's Motion for Leave to Amend Complaint to Add Necessary Parties Defendant

*Instanter* (ECF No. 15) is denied.


IT IS SO ORDERED.


May 23, 2022                     */s/ Benita Y. Pearson*
Date          Benita Y. Pearson
          United States District Judge

10